**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **BREION SMITH** | * | **CIVIL ACTION NO. 25-1271** |
| | * | **JUDGE ELDON E. FALLON** |
| **VERSUS** | * | **MAGISTRATE JUDGE** **JANIS VAN MEERVELD** |
| **ROYAL TRUCKING COMPANY** **AND ORION MABRY** | * | |

\*    \*    \*    \*    \*    \*    \*    \*

**ORDER & REASONS**

Before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Royal Trucking Company ("Royal") and Orion Mabry (collectively, "Defendants"). R. Doc. 20. Plaintiff Breion Smith, individually and on behalf of her minor child, J.C.C., oppose the motion. R. Doc. 24. Considering the record, briefing, and applicable law, the Court now rules as follows.

## I.    BACKGROUND

This case arises out of a car accident. R. Doc. 1-3. On or about March 25, 2024, Plaintiff alleges that she was driving on Bundy Road near the intersection of Bundy Road and Morrison Road and was stopped at a stop sign in her proper lane of travel. *Id.* at 1. Mabry, driving a Freightliner truck, attempted to make a right turn onto Morrison Road from the left lane and struck Plaintiff's vehicle on the right side. *Id.* Plaintiff sustained injuries to her "neck, back, pelvi[s], body and mind." *Id.* at 2. Plaintiff also alleges that she went into premature labor on the same day as a result of the accident. *Id.* at 1.

At the time of the accident, Mabry was acting within the course and scope of his employment with Royal. *Id.* at 2. Plaintiff asserts claims for Careless Operation under L.A. R.S.

32:81 and general negligence. *Id.* She seeks damages for physical pain and suffering; mental anguish; pregnancy complications; premature labor and delivery; past and future medical expenses; loss of enjoyment of life; and loss of earnings and earning capacity. *Id.*

On April 30, 2026, Plaintiff sought leave to amend her complaint. R. Doc. 17. The Magistrate Judge granted Plaintiff's motion, R. Doc. 22, and Plaintiff's amended complaint was filed into the record. R. Doc. 23. In the amended complaint, Plaintiff asserted additional claims on behalf of her minor child, J.C.C., for injuries associated with premature birth; NICU hospitalization and related treatment; physical pain and suffering; past and future medical expenses; the need for ongoing monitoring and care; potential developmental complications; and loss of enjoyment of life. R. Doc. 23 at 4.

## II.    PENDING MOTION

Defendants now ask this Court to dismiss Plaintiff's amended complaint, arguing that J.C.C's claims are prescribed and do not relate back to the original complaint under Rule 15(c). R. Doc. 20. According to Defendants, the original complaint failed to place them on notice that claims would later be asserted on behalf of the minor child, thereby precluding relation back and rendering those claims untimely. *Id.* Plaintiffs oppose the motion. R. Doc. 24. They distinguish the authorities relied on by Defendants and argue principally that (1) the original petition provided notice of J.C.C.'s existence and involvement in the subject accident; (2) Defendants cannot establish prejudice; and (3) dismissal is improper as there are factual disputes that cannot be resolved at the pleading stage via a Rule 12(b)(6) motion. *Id.*

## III.    LAW AND ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted." Where it is evident from the pleadings

2

that the action is time-barred and the pleadings fail to raise a basis for tolling, the Court may dismiss a claim under Rule 12(b)(6). *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). "Ordinarily, the party pleading prescription bears the burden of proving that the plaintiff's claims have prescribed." *Terrebonne Par. Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 878 (5th Cir. 2002). When the basis of federal jurisdiction is diversity of citizenship, federal courts apply the statute of limitations that the forum state would apply. *Chiasson v. Rogers-Premier Enters., LLC*, No. CV 19-2502, 2019 WL 4805886, at *2 (E.D. La. Oct. 1, 2019) (citing *Huss v. Gayden*, 571 F.3d 442, 449-50 (5th Cir. 2009)). In this case, the substantive law of Louisiana applies.

Federal Rule of Civil Procedure 15(c)(1)(A) provides that an amendment relates back when "the law that provides the applicable statute of limitations allows relation back." Under Louisiana law, an amendment adding a plaintiff relates back to the original complaint when "(1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; (4) the defendant will not be prejudiced in preparing and conducting his defense." *Giroir v. S. Louisiana Med. Ctr., Div. of Hosps.*, 475 So. 2d 1040, 1044 (La. 1985).

As an initial matter, Defendants argue that Rule 15(c) is inapplicable here because J.C.C's claims are prescribed. This argument misses the point. If Plaintiff had asserted those claims in a new and separate action, those claims would indeed be prescribed. But that is not the issue before the Court. The question is whether the amended complaint relates back to the original complaint under Rule 15(c), rendering J.C.C.'s claims timely. Indeed, the relation-back doctrine exists

precisely to address claims that would otherwise be time-barred; if the claims were timely on their face, relation back would be unnecessary.

Substantively, Defendants assert that Plaintiff has not carried her burden to show that the relation-back factors set out by Fed. R. Civ. Pro 15(a) and *Giroir* have been met here. *See* R. Doc. 20. As Plaintiff argues, the first and third *Giroir* factors are plainly met. *See Giroir*, 475 So. 2d at 1044. The claims asserted on behalf of the child arise from the same automobile accident and underlying facts alleged in the original complaint. Moreover, there is a sufficient relationship between Plaintiff and the minor child to support relation back.

The case law provided by Defendants in support of their position that they were not adequately put on notice of the involvement of J.C.C. in the subject accident is unconvincing and factually distinguishable. For example, in *Greenwood v. Strain*, a case relied on by Defendants, the court held that a minor child's time-barred claims did not relate back to the original pleading because nothing in the record indicated that the minor child existed prior to the plaintiff's attempt to amend the complaint. 2018 WL 11415279, at 4* (E.D. La. May 25, 2018); *see also Musgrove v. Glenwod Reg'l Med. Ctr.*, 37, 575 (La. App. 2 Cir. 9/24/03). Defendants also cite *Ahmed v. Downman Development, L.L.C.*, in which the court rejected plaintiff's relation back argument because the original petition gave no indication that any individual other than the named plaintiff possessed claims relating to the subject incident. 2017-0114 (La. App. 4 Cir. 12/28/17). On the contrary, here, Defendants had clear notice on the face of the complaint of the claims and parties at issue. In Paragraph IV of the original complaint, Plaintiff plainly alleged that Defendants "attempted to make a right turn . . . striking Plaintiff's vehicle . . . causing her to go into labor." R. Doc. 1-3 at 1. The Court finds that this allegation was sufficient to place Defendants on notice that

4

Plaintiff was pregnant at the time of the accident, that child was born as a result, and that the child could have sustained injuries arising from the same occurrence.

Finally, Defendants argue that they would be prejudiced should the Court hold that relation back to the original complaint allows J.C.C's claims to proceed as if unprescribed. As Plaintiff notes in her reply, Defendants will rely on substantially the same accident-related evidence and many of the same witnesses in defending both claims. R. Doc. 24 at 7. In addition, given that the claims arise from the same accident and involve a mother and son, there is likely to be significant overlap in the relevant medical records. Accordingly, the requirement to now defend against both Plaintiff and J.C.C.'s claims does not impose any meaningful additional burden on Defendants' ability to prepare and present their defense.

The Court thus holds that the factors for relation back set out in *Giroir* are satisfied. *See Giroir*, 475 So. 2d at 1044. J.C.C.'s claims raised in the amended petition relate back to Plaintiff's original complaint and should not be dismissed on the ground of prescription.

## IV.   CONCLUSION

Accordingly, for the foregoing reasons;

**IT IS ORDERED** that Defendants' Motion to Dismiss, R. Doc. 20, is hereby **DENIED**.

New Orleans, Louisiana, this 9th day of June, 2026.

_____
THE HONORABLE ELDON E. FALLON