UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BREION SMITH | * | CIVIL ACTION NO. 25-1271 |
| | * | |
| VERSUS | * | SECTION: "L"(1) |
| | * | |
| ROYAL TRUCKING COMPANY AND | * | JUDGE ELDON E. FALLON |
| ORION NABERS | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |

*********************************    *

<u>ORDER AND REASONS</u>

This lawsuit arises out of a motor vehicle accident. Plaintiff Breion Smith was pregnant at the time and alleges that she sustained significant bodily injuries that caused her to go into premature labor. On May 29, 2026, Ms. Smith named her minor child J.C.C., who was in utero at the time of the accident and born prematurely, as an additional plaintiff in her First Supplemental and Amended Complaint. Defendants' Motion to Dismiss the First Supplemental and Amended Complaint as prescribed was denied. Rec. Doc. 25. Defendants now move for a more definite statement under Federal Rule of Civil Procedure 12(e). Rec. Doc. 26. They argue that Ms. Smith's claims on behalf of J.C.C. must be dismissed because she has not alleged that she has procedural capacity to sue on J.C.C.'s behalf. For example, they submit that she has not alleged whether J.C.C. is emancipated,[1] "whether she has custody or any legal parental authority over her minor child," or whether she shares custody with someone else.

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

---

[1] Louisiana law provides for judicial emancipation of a minor sixteen years of age or older, La. Civ. Code art. 366, emancipation by marriage of a minor sixteen or seventeen years of age, <u>id.</u> art. 367, and limited emancipation by authentic act of a minor age sixteen or older, <u>id.</u> art. 368. J.C.C. was allegedly born at or around the time of the March 25, 2024, accident and cannot be much more than two years old. Defendants' suggestion that J.C.C. might be emancipated appears to be a legal impossibility.

1

reasonably prepare a response." Fed. R. Civ. Proc. 12(e). Given the liberal pleading standard set forth in Rule 8,[2] Rule 12(e) motions are disfavored. Alford v. Chevron U.S.A. Inc., 13 F. Supp. 3d 581, 590 (E.D. La. 2014), order amended on reconsideration (June 4, 2014); Collier v. Shell Offshore, Inc., No. CIV.A. 14-2090, 2014 WL 6957865, at *1 (E.D. La. Dec. 4, 2014); Reedom v. Jones, No. CIV.A. 10-375, 2010 WL 4875636, at *1 (E.D. La. Nov. 22, 2010).  Moreover, "a motion for more definite statement is not to be used to assist in getting the facts in preparation for trial as such. Other rules relating to discovery, interrogatories and the like exist for this purpose." Mitchell v. E-Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959).

Critically, Rule 9 provides that "[e]xcept when required to show that the court has jurisdiction, a pleading need not allege . . . a party's capacity to sue or be sued." Fed. R. Civ. P. 9(a)(1)(A); see Lexington Ins. Co. v. Chubb & Son, Inc., No. CIVA3:09CV00561B, 2009 WL 1940485, at *2 (N.D. Tex. July 6, 2009) (quoting Fed. R. Civ. P. 9(a)(1)(A))(denying a motion for more definite statement on the grounds that plaintiff was not required to allege its capacity to sue as assignee and that defendant could use discovery to obtain information about plaintiff's capacity); see also F.D.I.C. v. Calhoun, 34 F.3d 1291, 1299 (5th Cir. 1994) ("Capacity to sue is a defense, and the federal rules require not only that the defendant raise issues of capacity, but he must do so by 'specific negative averment.'").

As Ms. Smith argues, Rule 12(e) is not the appropriate vehicle to challenge whether she has capacity to sue on J.C.C.'s behalf. Defendants can raise capacity as a defense, and they can explore this issue in discovery. As to the First Amended Complaint, Ms. Smith has alleged facts describing the car accident and the injuries suffered. She alleges that J.C.C. is her minor child,

---

[2] Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

born prematurely due to the accident. These allegations are not vague or ambiguous. They are sufficiently particular such that defendants can respond. Moreover, the Rules explicitly provide that a plaintiff is not required to plead procedural capacity.[3] Defendants' motion for more definite statement borders on frivolous.[4] Accordingly,

IT IS ORDERED that defendants' Motion for More Definite Statement (Rec. Doc. 26) is DENIED.

New Orleans, Louisiana, this 21st day of July, 2026.

_____
Janis van Meerveld
United States Magistrate Judge

---

[3] There is no suggestion here that capacity to sue is relevant to this Court's jurisdiction.
[4] Counsel is reminded of their responsibilities pursuant to Rule 11 and the possibility of sanctions under both that rule and 28 U.S.C. § 1927.